UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL W. SMITH,<br>    Plaintiff, | )<br>)<br>) | |
| v. | ) | 20-CV-4271 |
| ERID KUNKEL,<br>    Defendant. | )<br>)<br>)<br>) | |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

The *pro se* Plaintiff is detained in the Rushville Treatment and Detention Center and seeks leave to proceed *in forma pauperis*. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee is paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the allegations state a federal claim for relief.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

1

Plaintiff has identified one Defendant, Facility Director Eric Kunkel. Plaintiff claims Defendant Kunkel has created and implemented a policy which prohibits all residents "from buying or possessing a computer or any internet capable device and from possessing an e-mail account or social media account." (Comp., p. 2). Plaintiff wishes to purchase a laptop for work related to his treatment and legal work and to communicate with friends and family.

Prisons may implement restrictions if the limitation is "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78 (1987). In addition, "persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo*, 457 U.S. 307, 321–22 (1982).

However, the Seventh Circuit has previously considered Rushville's ban on internet-capable devices and found the restriction was "in furtherance of legitimate security interests." *Swanson v. Scott*, 2020 WL 2494741, at *1 (C.D.Ill. May 14, 2020), *citing Brown v. Phillips*, 801 F.3d 849, 855 (7th Cir. 2015). "The Appellate Court found that absent such a prohibition, civilly committed sex offenders would be able to 'contact victims of their crimes' and to 'download, manipulate, share, and store *illegal* pornography…" *Swanson,*, 2020 WL 2494741, at *1, *quoting Brown*, 801 F.3d at 855 (emphasis in original).

The Seventh Circuit further determined in *Brown*, that even if an

2

>   internet-capable device was purchased without Wi-Fi hardware, the consoles still could wirelessly connect to the internet by plugging into the console's Ethernet or USB port a device that would convert the cable-only device to a wireless device. A resident could then connect to the internet in several ways, including simply asking outsiders to emit a wireless signal from a cell phone in the parking lot. *Swanson,*, 2020 WL 2494741, at *2 (internal citation omitted).

Therefore, even if Plaintiff maintains he intends to use a laptop for other purposes, "[t]he prevailing caselaw in this Circuit squarely supports the Rushville policy restricting detainees' access to internet-capable devices." *Swanson*, 2020 WL 2494741(dismissing Rushville complaint alleging denial of internet access was a violation of his First Amendment right to free association). Since the Appellate Court has previously considered the policy and found it was constitutionally sound, Plaintiff's First Amendment claim is dismissed with prejudice.

Plaintiff next claims the policy violates his Equal Protection rights because Illinois Department of Corrections (IDOC) inmates can purchase tablets. Even if Plaintiff could prove such a policy existed, Plaintiff has failed to articulate an equal protection claim since he is not similarly situation to an IDOC inmate. *See Rapier v. Harris,* 172 F.3d 999, 1004 (7th Cir.1999) (pre-trial detainees are not similarly situated to convicted prisoners); *Smego v. Meza*, 2015 WL 5636459, at *2 (C.D.Ill. June 27, 2015) (Rushville plaintiff "is not similarly situated to an IDOC inmate.").

**IT IS ORDERED:**

1.      Plaintiff's petition to proceed *in forma pauperis* is denied. [3]. Plaintiff's complaint is dismissed with prejudice for failure to state a claim. The clerk is directed to enter judgment pursuant to Federal Rule of Civil Procedure 58. The case is closed.

2.      If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. *See* Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

Entered this 22nd day of March, 2021.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE